## DUSHA v. PENNSYLVANIA R. CO.
### Civ. No. 6234.

United States District Court
N. D. Ohio, W. D.
Feb. 10, 1950.

William Paul Allen, New York City, R. H. Dawson, Cleveland, Ohio, for plaintiff.

Conboy, Hewitt, O'Brien & Boardman, New York City, Shumaker, Loop, Kendrick & Winn, Toledo, Ohio, for defendant.

KLOEB, District Judge.

This matter is before the Court on the motion of the defendant for rehearing of plaintiff's motion, filed under the provisions of Rule 34 of the Federal Rules of Civil Procedure, 28 U.S.C.A., for the production and permission to inspect and to copy, photograph or photostat statements and reports of employees of the defendant's crew relative to the accident and injuries which resulted in the death of plaintiff's decedent. This motion was granted as to such statements and reports made to the defendant prior to the filing of this case, which was intended to exclude any statements taken in preparation for the trial of the case.

The leading case on the construction of Rule 34 is Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451. In that case the Court held that the rule should be liberally construed, stating: "We agree, of course, that the deposition-discovery rules are to be accorded a broad and liberal treatment. No longer can the time-honored cry of 'fishing expedition' serve to preclude a party from inquiring into the facts underlying his opponent's case. *Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation.* To that end, either party may compel the other to disgorge whatever facts he has in his possession. The deposition-discovery procedure simply advances the stage at which the disclosure can be compelled from the time of trial to the period preceding it, thus reducing the possibility of surprise. But discovery, like all matters of procedure, has ultimate and necessary boundaries. As indicated by Rules 30 (b) and (d) and 31 (d), limitations inevitably arise when it can be shown that the examination is being conducted in bad faith or in such a manner as to annoy, embarrass or oppress the person subject to the inquiry. * * *" 329 U.S. at pages 507, 508, 67 S.Ct. at page 392. (Emphasis supplied.)

In the concurring opinion by Mr. Justice Jackson, it was stated with reference to production of signed statements under the rule: "The question remains as to signed statements or those written by witnesses. Such statements are not evidence for the defendant. Palmer v. Hoffman, 318 U.S. 109, 63 S.Ct. 477, [87 L.Ed. 645, 144 A.L.R. 719.] Nor should I think they ordinarily could be evidence for the plaintiff. *But such a statement might be useful for impeachment of the witness who signed it, if he is called and if he departs from the statement.* There might be circumstances, too, where impossibility or difficulty of access to the witness or his refusal to respond to requests for information or other facts would show that the interests of justice require that such statements be made available. Production of such statements are governed by Rule 34 and on 'Showing good cause therefor' the court may order their inspection, copying or photographing. * * *" 329 U.S. at page 519, 67 S.Ct. at page 297. (Emphasis supplied.)

The witnesses whose statements and reports are involved are all employees of the defendant and there may have been no other witnesses to the accident. The action is one for the wrongful death of the plaintiff's decedent.

Counsel for plaintiff makes a statement in his affidavit that, in order to properly prepare for trial and possibly take depositions of the witnesses, it is necessary that plaintiff be afforded an opportunity to inspect, copy and photograph the statements and reports made by members of the crew to its operating or claim department in the regular course of business relative to the accident. He makes the professional statement in his brief that several of the witnesses were seen and stated they did not wish to make any statements to any one not connected with the company. Such an attitude on the part of the employees of the railroad company is understandable. Of course, the plaintiff may take the depositions of the witnesses and they may be compelled to disclose their version of the facts, but the statements which were made after the accident by the employees of the defendant who witnessed the accident to the claim department in the course of its investigation may be useful and serve the interests of justice in the examination of the witnesses. While the showing of "good cause" on the motion in this case is not all that could be desired, the Court deems it sufficient in this case to

justify the order heretofore made, and the motion for rehearing will be overruled.

The ruling of this Court in the case of Pacer v. Greyhound Corporation of Delaware, No. 6110 Civil,[1] referred to by counsel for the defendant, on objections to interrogatories is not inconsistent with this ruling. That involved merely a matter of procedure, the Court holding that the production of documents was properly a matter coming under Rule 34 of the Federal Rules of Civil Procedure rather than under Rule 33, relating to interrogatories.

1. No opinion for publication.